# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00330-MR

| | |
|---|---|
| GWENDOLYN HEWITT CAROTHERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANDREW SAUL, Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Commissioner's Motion for Summary Judgment [Doc. 13].

## I. BACKGROUND

On January 8, 2013, Gwendolyn Carothers (the "Plaintiff") applied for disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), alleging an onset date of October 14, 2011. [Transcript ("T.") at 166]. The Plaintiff's request was initially denied on February 26, 2013, and upon reconsideration on October 21, 2013. [Id.]. On the Plaintiff's request, a hearing was held on April 1, 2015 before an Administrative Law Judge ("ALJ"). [Id. at 12]. On June 23, 2015, the ALJ issued a written

decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of October 14, 2011.  [Id. at 174].  On May 17, 2016, the Appeals Council vacated the ALJ's decision and remanded the matter back to the ALJ.  [Id. at 181-84].

On May 31, 2017, another hearing was held before the ALJ.  [Id. at 48-88].  On November 8, 2017, the ALJ issued a written decision denying the Plaintiff benefits, finding that the Plaintiff was not disabled within the meaning of the Act since the alleged onset date of October 14, 2011.  [Id. at 12-39].  On September 21, 2018, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner.  [Id. at 1-6].  The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "When examining [a Social Security

Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). It is the duty of the ALJ to "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin,

826 F.3d 176, 189 (4th Cir. 2016) (citation omitted). "Without this explanation, the reviewing court cannot properly evaluate whether the ALJ applied the correct legal standard or whether substantial evidence supports his decisions, and the only recourse is to remand the matter for additional investigation and explanations." Mills v. Berryhill, No. 1:16-cv-25-MR, 2017 WL 957542, at *4 (W.D.N.C. Mar. 10, 2017) (Reidinger, J.) (citing Radford, 734 F.3d at 295).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

At step one, the ALJ determines whether the claimant is engaged in substantial gainful activity. If so, the claimant's application is denied regardless of the medical condition, age, education, or work experience of the claimant. Id. (citing 20 C.F.R. § 416.920). If not, the case progresses to step two, where the claimant must show a severe impairment. If the claimant does not show any physical or mental deficiencies, or a combination thereof, which significantly limit the claimant's ability to perform work activities, then no severe impairment is established and the claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. If so, the claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" a claimant can still do on a "regular and continuing basis" notwithstanding the claimant's medically determinable impairments and the extent to which those impairments affect the claimant's ability to perform work-related functions. Social Security Ruling ("SSR") 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the claimant must show that his or her limitations prevent the claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; <u>Mascio</u>, 780 F.3d at 634. If the claimant can still perform his or her past work, then the claimant is not disabled. <u>Id.</u> Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the claimant's age, education, work experience, and RFC, the claimant can perform alternative work which exists in substantial numbers in the national economy. <u>Id.</u>; <u>Hines v. Barnhart</u>, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; <u>Mascio</u>, 780 F.3d at 635. If the Commissioner succeeds in shouldering his burden at step five, the claimant is not disabled and the application for benefits must be denied. <u>Id.</u> Otherwise, the claimant is entitled to benefits.

**IV. THE ALJ'S DECISION**

At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from her alleged onset date, October 14, 2011, through her date of last insured of December 31, 2016. [T. at 14]. At step two, the ALJ found that the Plaintiff has the following severe impairments:

degenerative disc disease, obesity with secondary obstructive sleep apnea, asthma and COPD, history of cardiovascular disease and atrial fibrillation, hypertension, osteoarthritis, degenerative joint disease, and a history of tobacco abuse. [Id. at 15]. At step three, the ALJ determined that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the Listings. [Id. at 20]. The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform "light" work as defined in 20 CFR 404.1567(b) except she is never to climb ladders, ropes or scaffolds. She is limited to the occasional climbing of ramps and stairs. She is limited to occasional postural including balancing, stooping, kneeling, crouching and crawling. She is limited to occasional exposure to pulmonary irritants such as dust, fumes, odors and gases. She is limited to occasional exposure to workplace hazards, such as unprotected heights and dangerous machinery. She is to have a sit/stand option with the ability to alternate her position approximately twice an hour without losing productivity.

[Id. at 21].

At step four, the ALJ found that the Plaintiff "was capable of performing past relevant work as a general clerk/receptionist." [Id. at 37]. Therefore, the ALJ concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from October 14, 2011, the alleged onset date, through December 31, 2016, the date last insured. [Id. at 38].

7

## V. DISCUSSION[1]

As one of her assignments of error, the Plaintiff argues that the ALJ erred by finding that Plaintiff could perform her past relevant work as a general clerk/receptionist. [T. at 37-38]. According to the Plaintiff, the general clerk/reception position was a "composite job" that encompassed both the duties of a general clerk (a light exertional level occupation), and the duties of a receptionist (a sedentary exertional level occupation). [Doc. 12 at 22]. As such, the Plaintiff argues that the ALJ should have evaluated the general clerk/reception job as it was actually performed by her. [Id.].

Generally, a claimant will be found not disabled at step four of the five-step disability determination if she maintains the RFC to perform her past relevant work, either as she actually performed it or as it is generally performed in the national economy. Social Security Ruling (SSR) 82–61, 1982 WL 31387, at *2 (1982); see also 20 C.F.R. §§ 404.1560(b), 416.960(b). To determine how a job is usually performed in the national economy, the Commissioner typically uses the job descriptions appearing in the Dictionary of Occupational Titles ("DOT"). SSR 82–61, 1982 WL 13187, at *1–*2. Composite jobs, however, "have significant elements of two or

---

[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

more occupations and, as such, have no counterpart in the DOT." Id. Therefore, when a claimant's past relevant work is considered a composite job, the claimant's ability to perform his past job must be "evaluated according to the particular facts of each individual case." Id.

When determining whether past relevant work was a composite job, the ALJ must explain his reasoning. Shealy v. Colvin, No. 8:13-2383-RMG, 2015 WL 467726, at *12 (D.S.C. Feb. 4, 2015) (finding "that the ALJ failed to properly explain his reasoning for finding the job of 'order clerk' to be past relevant work for Plaintiff as opposed to finding it to be part of a composite job."). The ALJ can "find the Plaintiff capable of performing the composite job only if he or she can perform all parts of the job as it was actually performed." Taylor v. Colvin, No. 1:14CV629, 2015 WL 4726906, at *4 (M.D.N.C. Aug. 10, 2015) (unreported) (citation and quotations omitted).

The relevant position in this case is the Plaintiff's work as a receptionist/general clerk. [T. at 37]. Receptionist and general clerk are different jobs, with different DOT numbers and different exertional levels. [T. at 79; 115]. The ALJ, however, treated the general clerk/reception position as a single position in his analysis. [Id. at 37-38].[2] The ALJ did not make

---

[2] The VE also appears to have treated the general clerk/receptionist position as the same position in her testimony. [Id. at 81].

findings regarding whether the Plaintiff's past relevant work as a general clerk/receptionist was a composite job, even though that title combines two distinct positions under the DOT that have different duties and exertion levels.

If the ALJ found that the the general clerk/receptionist position was a composite job, he should have assessed the Plaintiff's ability to perform the general clerk/receptionist position as actually performed. Taylor, 2015 WL 4726906, at *4. The Plaintiff testified that, as actually performed, the general clerk/receptionist position required her to move boxes that weighed up to 25 pounds. [T. at 61-62]. The Plaintiff's RFC limits her to "light work," which includes "lifting no more than 20 pounds at a time." [Id. at 21]; CFR § 404.1567(b). Thus, the Plaintiff would have been unable to perform the general clerk/receptionist position as actually performed.

It is unclear from the record if the ALJ found the Plaintiff's past relevant work to be a composite job. As such, it is unclear if the ALJ needed to evaluate the Plaintiff's past relevant work as actually performed in accordance with the rules that apply to composite jobs. The Court will remand so that the ALJ can properly explain his findings regarding the Plaintiff's past relevant work at step four of the sequential process.

## IV. CONCLUSION

On remand, the ALJ must explain whether the Plaintiff's past relevant work as a general clerk/receptionist qualifies as a composite job and must explain his reasoning for that finding. If the ALJ determines that the Plaintiff's past relevant work experience was a composite job, the ALJ must then explain whether the Plaintiff is capable of performing "all parts of the job as it was actually performed." Taylor, 2015 WL 4726906, at *4 (citation and quotations omitted).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **GRANTED**, and the Commissioner's Motion for Summary Judgment [Doc. 13] is **DENIED**. Pursuant to the power of this Court to enter judgment affirming, modifying or reversing the decision of the Commissioner under Sentence Four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED** and the case is hereby **REMANDED** for further administrative proceedings consistent with this opinion. A judgment shall be entered simultaneously herewith.

**IT IS SO ORDERED.**   Signed: October 8, 2019

Martin Reidinger
United States District Judge